# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| LESTER LEWIS, | * | |
| Petitioner, | * | |
| v. | * | CASE NO. 4:08-CV-71 (CDL) |
| THOMAS AMMONS, Warden, | * | 28 U.S.C. § 2254 |
| | | Habeas Corpus Petition |
| Respondent. | * | |

## **REPORT AND RECOMMENDATION**

Before the court is Respondent's Motion to Dismiss Petition As Untimely, filed on August 8, 2008. (R-8). Petitioner was notified of his right to file a response to Respondent's Motion, and filed what has been deemed a response on September 2, 2008. (R-11).

On February 12, 2004, Petitioner, who was charged with aggravated assault and burglary, pled nolo contendre to the aggravated assault charge. (R-8, Ex. 4). Petitioner was sentenced to ten years probation, consecutive to any sentence he was already serving. *Id.* Petitioner was previously sentenced to serve fifteen years of probation for the sale of cocaine on December 13, 2001. (R-1). The remainder of his probation was thereafter revoked on February 12, 2004, when he pled guilty to the aggravated assault charge. *Id.*

On June 16, 2006, Petitioner filed a state habeas petition in the Superior Court of Colquitt County (R-8, Resp. Ex. 1), which, after a hearing, was denied on January 3, 2008 (R-8, Ex. 2). The Georgia Supreme Court thereafter denied Petitioner's application for certificate of appealability on March 31, 2008. (R-8, Ex. 3). Then, on June 6, 2008,

Petitioner filed the current application for federal habeas relief.[1]  (R-1).

## AEDPA Limitations Period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction."  *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998).  The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[1]On the same date, Petitioner filed a second federal habeas corpus application in this court attacking the validity of his conviction for the sale of cocaine on December 13, 2001.

2

seeking such review." 28 U.S.C. § 2244(d)(a)(A). In *Kaufmann v. United States,* 282 F.3d 1336, 1339 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final."* The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id*. at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Petitioner pled guilty to the probation revocation and aggravated assault on February 12, 2004. Pursuant to O.C.G.A. § 5-6-38 Petitioner had thirty (30) days after his guilty plea and sentencing to file a notice of appeal.[2] Petitioner did not pursue a direct appeal, and, therefore, his judgment of conviction became final on Monday, March 15, 2004, when the time for filing the notice of appeal expired. Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on March 16, 2004, and expired March 15, 2005.

---

[2] In Georgia there is "no unqualified right" to a direct appeal from a guilty plea conviction; such appeals will lie only for issues which can be resolved from the face of the record. *Smith v. State*, 266 Ga. 687, 470 S.E.2d 436 (1996).

Petitioner's state petition for habeas corpus filed June 16, 2006, followed the expiration of the AEDPA statute of limitations by a year and three months. The United States Court of Appeals for the Eleventh Circuit has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Therefore, Petitioner's state habeas action was filed too late to toll the statute. See *Tinker v. Moore,* (255 F.3d 1331, 1334, *cert. denied,* 534 U. S. 1144, 122 S.Ct. 1101 (2002). Thus, Petitioner's federal habeas petition filed on June 6, 2008, followed the expiration of the AEDPA statute of limitations and failed to invoke the jurisdiction of this court.

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be GRANTED, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 3rd day of September, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw